UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen Ray Westberry, #252374, | ) C/A No. 9:06-02759-RBH-GCK  ) |
| Plaintiff, | ) ) |
| v. | ) REPORT ) AND ) RECOMMENDATION |
| Thomas W. Behrmann; Larry Montgomery; Geoffrey R. McKee; Steve Shea, | ) ) ) |
| Defendant(s). | ) ) |



Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[*] Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff claims that while he was being evaluated to determine his capacity to stand trial in 1996, his medical records were improperly disseminated. Plaintiff seeks monetary damages. This complaint should be dismissed without prejudice and without issuance and service of process.

### Pro Se and In Forma Pauperis Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton*

---

[*]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review complaints filed for relief under 42 U.S.C. § 1983 and submit findings and recommendations to the District Court. Further reference to this complaint brought under Title 42 will be by section number only.

v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). See Neitzke v. Williams, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. at 520. Even under this less stringent standard, however, this pro se complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

2

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This complaint should be dismissed because this action is time barred by the state statute of limitations. Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See, e.g., Am. Nat'l Bank v. FDIC*, 710 F.2d 1528, 1537 (11th Cir. 1983); *United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985). Even so, a district court may anticipate clearly apparent affirmative defenses available to defendants in making its determination under 28 U.S.C. § 1915 concerning whether process should be issued against defendants. *Todd v. Baskerville*, 712 F.2d at 74. It is appropriate to permit *sua sponte* consideration of the statute of limitations when the defense is clear on the face of a complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006).

With regard to any § 1983 claim, there is no federal statute of limitations. Instead, the analogous state statute governing personal injury actions applies in § 1983 cases. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999). The statute of limitations for such causes of action arising in South Carolina is three years. *See* S.C. Code Ann. § 15-3-530(5); *see also Simmons v. South Carolina State Ports Auth.*, 694 F.2d 64 (4th Cir. 1982) (citing to previous version of statute); *Hoffman v. Tuten*, 446 F. Supp. 2d 455, 459 (D.S.C. 2006) (finding action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S.

3

388 (1971), analogous to a claim under § 1983 for purpose of establishing appropriate state statute of limitations).

In his complaint, plaintiff states the following:

> On July 9, 1996, [plaintiff] was sent to the William S. Hall Psychiatric Institute Forensic Unit to be evaluated to determine [plaintiff's] capacity to stand trial, and while there such actions taken by the defendant(s) in this law suit . . . caused [plaintiff] mental distress, humiliation, malicious harm and other general pain and sufferings in a death penalty case.

(Comp. 3) Plaintiff's attempt to bring this § 1983 action more than ten years after the alleged harmful actions of the defendants is barred by S.C. Code Ann. § 15-3-530(5), the applicable state statute of limitations.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319; *Haines v. Kerner*, 404 U.S. at 519; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915A (stating that as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Respectfully submitted,

*George C. Kosko*
George C. Kosko
United States Magistrate Judge

November 16, 2006
Charleston, South Carolina

4

**The plaintiff's attention is directed to the notice on the following page.**

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976); and *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See *Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992); *Oliverson v. West Valley City*, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See *United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied, Schronce v. United States*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). See also *Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.) (party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In *Howard*, 932 F.2d at 505, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *** We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Id.* Accord *Lockert v. Faulkner*, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989) ("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3d Cir. 1984) ("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See *Wright v. Collins*, 766 F.2d at 841; *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**